J. G. White, Appellant, v. George W. Wright, R. R. Wright, John I. Gordon and S. F. Thompson, doing business as the Mercer Soldiers' Orphans School Company.

*Equity—Conclusiveness of master's findings of fact.*

A master's findings of fact upon sufficient evidence to go to a jury, when approved by the court below, will not be disturbed except in a case of manifest error.

In this case a master's finding approved by the court below that no trust relation existed between the plaintiff and defendants under an assignment of a contract, was sustained.

Argued Oct. 12, 1896. Appeal, No. 85, Oct. T., 1896, by plaintiff, from decree of C. P. Mercer Co., June T., 1886, No. 3, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an account.

The facts sufficiently appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing bill.

*James Fitzsimmons*, with him *W. A. McCormick*, for appellant.

*B. Magoffin* and *Q. A. Gordon*, with them *A. B. Thompson*, for appellees.

PER CURIAM, January 4, 1897 :

Plaintiff substantially avers in his bill that he sold and conveyed to defendants the real and personal property belonging to the Mercer Soldiers' Orphans School, together with his contract with the commonwealth for the education and maintenance of soldiers' orphans, for a specified pecuniary consideration, and one-fifth of the net profits, derived by said vendees from said contract, over and above a certain sum. He further avers that said vendees, defendants, have since conducted said school, and realized therefrom large profits for which they have not accounted to him, and prays for an account, etc., as provided for in the contract of sale.

In their answer, defendants allege that plaintiff, subsequently to said sale to defendants, assigned all his reserved interest in the profits of said contract with the commonwealth to his father and brother, C. H. and H. C. White, who in turn re-assigned the same to George W. Wright, one of the defendants. The replication was the general issue.

On the hearing before the master, plaintiff introduced testimony to prove that his assignment to his father and brother, although absolute in form, was in fact only as collateral security for certain debts owing by him to them, and that this fact was known to the defendant, George W. Wright, when he took the re-assignment; and that the latter then expressly agreed to hold said reserved interest as trustee for plaintiff.

Without considering the question of admissibility of the testimony referred to, it is sufficient to say that the learned master on evidence quite sufficient to go to a jury, has found against the plaintiff, as to the existence of the alleged trust relation between him and George W. Wright under the re-assignment to the latter. It is well settled that the findings of fact by a master in cases such as this, will not be disturbed; and that disposes of the case. Neither of the specifications of error is sustained.

Decree affirmed and appeal dismissed at appellant's costs.